Knickerbocker Ice Co. *v.* Gray—165 Ind. 140.

## KNICKERBOCKER ICE COMPANY *v.* GRAY.

[No. 20,329.   Filed December 29, 1904.   Rehearing denied June 9, 1905.]

1. APPEAL AND ERROR.—*Transcript.—Alterations.—Certiorari.*—
Unauthorized alterations of a transcript will not warrant the dismissal of an appeal, but the transcript as corrected by the return to a writ of *certiorari* will be considered as the true record of the cause.   p. 141.

2. SAME.—*Supreme Court Rules.—Briefs.*—Error of the trial court in overruling a demurrer is not available on appeal where neither such demurrer nor its substance is set forth in appellant's brief.   p. 142.

3. SAME.—*New Trial.—Motion to Make Specific.—How Assigned.*—The overruling of a motion to make the complaint more specific is not a reason for a new trial, but must be assigned as error independently on appeal.   p. 142.

·4. DEPOSITIONS.—*"Disinterested Person."—Certificate of Notary. —Evidence. — Statutes.* — The certificate of the notary to a deposition, that it was taken down by a "disinterested person," is not *prima facie* evidence of such fact, since the statute (§433 Burns 1901, §429 R. S. 1881) makes no provision that such fact shall be certified, and the statute (§8040 Burns 1901, §5965 R. S. 1881) provides that such certificate shall be evidence only of such facts as are authorized by law to be stated in such certificate.   p. 143.

5. SAME. — *Taking of.* — *"Disinterested Person."* — *Statutes.*—A deposition, taken before a proper notary and taken down in shorthand and typewritten by a clerk of plaintiff's attorneys, should be suppressed, since such clerk was not a "disinterested person" within the meaning of §433 Burns 1901, §429 R. S. 1881.   p. 144.

6. SAME.—*Taking of.—Student or Clerk in Office of Attorney.*— A student or clerk in the office of an attorney engaged in a cause was disqualified, in the chancery practice, from taking down the depositions of witnesses in such cause.   p. 145.

7. SAME.—*Suppression.—Waiver.*—Defendant does not waive his right to suppress a deposition, taken down by an improper person, by reason of the fact that he appeared and cross-examined the witness whose deposition was taken.   p. 147.

8. SAME.—*Improper Taking.—Suppression.*—The fact that a deposition, taken down by an improper person, was true and correct does not justify the court in overruling a motion to suppress.   p. 147.

9. APPEAL AND ERROR.—*Weighing Evidence.*—Where the evidence is such that but one conclusion can be drawn therefrom, the Supreme Court will not be bound by an adverse decision of the trial court. p. 147.

10. SAME.—*Instructions.*—*Failure to Show All Are in Record.*— A failure to show that all the instructions are in the record is fatal to any question concerning such instructions on appeal. p. 147.

From Laporte Superior Court; *Harry B. Tuthill,* Judge.

Action by George Gray against the Knickerbocker Ice Company. From a judgment for plaintiff, defendant appeals. Transferred from Appellate Court under §1337u Burns 1901, Acts 1901, p. 590. *Reversed.*

*Stuart MacKibbin,* for appellant.
*Crumpacker & Moran,* for appellee.

DOWLING, C. J.—This is an appeal from a judgment recovered by the appellee against the appellant for damages for a personal injury. The errors complained of are the rulings of the court on appellant's demurrer to the fourth paragraph of the complaint, and on its motion for a new trial.

Appellee's counsel have filed a motion for the dismissal of this appeal, on the ground that, after the transcript was completed and certified by the clerk of the Laporte Superior Court, material alterations were made in it without authority and without the knowledge of counsel for appellee, or the clerk who prepared it. An unpleasant controversy on the subject has occurred between the attorneys of the respective parties, and affidavits and counter-affidavits have been filed in support of the motion and in opposition to it. The return of the clerk of the Laporte Superior Court to the writ of *certiorari,* issued in this case, shows that the transcript, as it came here, was not true nor correct, but that material and unauthorized alterations and interpolations had been made in it. While we shall overrule the motion to dismiss the appeal, we condemn in the most emphatic manner the method of preparing a

transcript which renders possible any controversy of this kind. In our consideration of the case the alterations and additions so made will, of course, be disregarded, and the transcript as corrected by the return to the writ will be treated as the true record.

The first error alleged is the overruling of appellant's demurrer to the fourth paragraph of the complaint. Counsel for appellee object to our consideration of this error for the reason that neither the demurrer itself nor its substance is set out in the brief of counsel for appellant. The objection is well taken. *Chicago, etc., R. Co.* v. *Walton* (1905), *post,* 253; *Perry, etc., Stone Co.* v. *Wilson* (1903), 160 Ind. 435.

The first reason for which appellant demanded a new trial was the refusal of the court to require the complaint to be made more certain. This is not one of the reasons for which a new trial may be granted. It is a ruling relating to the pleadings, and should be assigned as an independent error.

The next ground for which a new trial was asked was the overruling of appellant's motion to suppress the deposition of Ernest Hart, taken on behalf of appellee. The reasons given were that the deposition was written by the office clerk of appellee's attorneys, at their office at Hammond, Indiana, and that the certificate of the notary was defective. This motion was verified by affidavit, and the court also heard oral testimony on the question. The facts were these: The deposition was taken before E. S. Harney, a notary public of the state of Illinois, at his office in the city of Momence, in that state. The appellant appeared by its attorneys, and cross-examined the witness. At the request of the notary, the testimony was taken down in shorthand by William C. Harrison, who was a clerk or stenographer in the office of appellee's attorneys. The shorthand report of the testimony was afterwards printed on a typewriting machine by Harrison, and, after due notice to the attorneys of the ap-

pellant, the typewritten copy of the testimony was read to the witness, and was then signed by him. The fees of the stenographer were paid by the notary, and he received no compensation for his services from the appellee or his attorneys. The appellant had its own stenographer present when the witness was examined, and the testimony was taken down in shorthand by him also. The certificate of the notary stated, among other things, "That his [Hart's] testimony was taken down in shorthand by William C. Harrison, a disinterested person, in my presence, and under my direction, and said shorthand notes of such testimony were afterwards transcribed into typewriting under my direction and supervision." It is not asserted that the copy of the evidence made by Mr. Harrison was incorrect or unfair in any particular.

The statute requires that the deposition shall be written down by the officer, or by the deponent, or by some disinterested person, in the presence and under the direction of the officer. §433 Burns 1901, §429 R. S. 1881. It is also provided that the officer shall annex a certificate to the deposition, stating, among other facts, "by whom the deposition was written; and if written by the deponent or some disinterested person, that it was written in the presence and under the direction of the officer." §434 Burns 1901, §430 R. S. 1881.

When the deposition is written down by a third person, the statute does not require nor authorize the notary to certify that the person by whom it was written was, 4. in fact, disinterested; and if, in such a case, the notary certifies that the third person by whom the deposition was written down was disinterested, this statement in the certificate is not even *prima facie* evidence of the fact so stated, because the notary is not authorized by law to certify to that fact. §8040 Burns 1901, §5965 R. S. 1881. It follows that in the present case the statement in the certificate of the notary that the "testimony was taken

down by William C. Harrison, a disinterested person," is not evidence of the fact that Harrison was disinterested.

The duty of taking down the testimony of a witness for the purposes of a deposition is a duty connected with the administration of justice, and therefore the statute should be so construed as to secure its obvious intention—the impartiality of the person performing this duty, and his freedom from bias, and from liability to influence by either of the parties. A clerk or stenographer in the employment of attorneys of one of the parties to an action in which a deposition is taken, and whose duties as such clerk or stenographer require him to spend most of his time in the office of his employers, who looks to such attorneys for his salary, wages or compensation, and who is subject to dismissal by them for any breach of duty, can not be regarded as a disinterested person within the meaning of the statute in question. If called as a juror in an action to which his employers were parties, he could be challenged for cause *propter affectum.* 3 Blackstone's Comm., *363; Bicknell, Civil Prac., 230.

In *Cawood* v. *Wolfley* (1896), 56 Kan. 281, 43 Pac. 236, 31 L. R. A. 538, 54 Am. St. 590, a clerk was held to be a servant of the person employing him, and a claim for his wages entitled to preference as such against a decedent's estate. A policy of fire insurance provided that, in case of disagreement upon the amount of a loss, the same should be ascertained by "competent and disinterested appraisers." The court held in *Bradshaw* v. *Agricultural Ins. Co.* (1893), 137 N. Y. 137, 32 N. E. 1055, that the term "disinterested" did not mean simply the absence of pecuniary interest, but required the appraiser to be one not biased or prejudiced.

A similar provision in a policy issued by another insurance company came under review in this court in *Insurance Co., etc.,* v. *Hegewald* (1904), 161 Ind. 631, and it was held, on page 638, that, "It clearly appears that appellant,

by and through its adjusting agent, who was acting for and in its behalf, did not in the first instance nominate and select in the person of Millikan a competent and disinterested appraiser, within either the meaning of the terms or conditions of the policy, or the agreement made between appellee and appellant to submit the controversy over the loss to arbitration. It appears that this appraiser, at the time he was selected as such, was unknown to appellee. Appellant, however, is shown to have represented that he was a competent and disinterested person, when in truth such representations were not true. While it does not appear that he was pecuniarily interested in the matter, still it does appear that he was interested in behalf of appellant by reason of the alleged fact that he at the time was one of its employes. * * * It is certainly essential in order to render a person competent as an arbitrator in a disputed matter, that he be disinterested and also impartial. In fact, the authorities assert that bias and strong partiality on the part of one or more of the appraisers constitute a serious objection to the award made in a matter of arbitration. * * * Appraisers in cases like the one at bar are considered as acting in a *quasi* judicial capacity, and in discharging their sworn duties they must act free from bias, partiality, or prejudice in favor of either of the parties."

A student at law in the office of an attorney in the cause has been held incompetent to take depositions in the office and presence of the attorney. *Glanton* v. *Griggs* (1848), 5 Ga. 424. Where commissioners to take depositions appointed as their clerk to reduce the testimony of the witnesses to writing a clerk to one of the solicitors or parties, it was held that this was sufficient ground for the suppression of the depositions. *Newton* v. *Foot* (1732), Dick. 793, 21 Eng. Reprint 479; *Cooke* v. *Wilson* (1819), 4 Madd. 380; *Shaw* v. *Lindsey* (1808), 15 Ves. 380, 33 Eng. Reprint 798; 13 Cyc. Law and Proc., 852; *Tillinghast, Stark & Co.* v. *Walton* (1848), 5 Ga. 335.

The reason for the requirement that the deposition shall be written down by a disinterested person is evident. Bias or partiality might cause the scribe to change the language of the deponent, to omit some important statement, or to supply an omission in the testimony. A third person called upon by the notary to take down the testimony in writing is not sworn and does not act in an official capacity. The parties and the court have no security against fraud or material mistakes in his work, except his personal integrity, and his care and accuracy as a clerk. Where long depositions are taken in shorthand, the necessity for a strict compliance with the rule requiring the clerk of the notary to be disinterested is much greater. The opportunity for altering the testimony is safer and more tempting. Stenographers sometimes have difficulty in reading their notes, and, if unable to do so, the temptation to ask for assistance or suggestion from the attorney and employer, who was present when the witness was examined, would be natural and strong. So, too, if a controversy should arise between the attorneys of the respective parties, or with the witness, concerning the testimony given, the attorneys employing the stenographer would, in many cases, have a decided and unfair advantage over their opponents. For these reasons, a clerk or stenographer in the employment of attorneys of one of the parties to an action can not be considered a disinterested person, and therefore he is incompetent to write down the testimony at the request of the notary before whom the deposition is taken. The deposition of the witness Hart having been taken down by a clerk and stenographer in the employment of the attorneys for the appellee, the motion to suppress it should have been sustained.

The appellant also moved to suppress the deposition of Thomas Muldoon, for the reason that the same was taken before William C. Harrison, who was at the time a clerk and stenographer in the office of the attorneys for the appellee. The court erred in overruling this motion. The

clerk of the attorneys was as much disqualified to take the deposition as the attorneys themselves. It made no difference that during the time he was actually engaged in taking the deposition and in transcribing his notes he was not receiving wages from his employers, or that he was paid for his services by the client and not by the attorneys. He was none the less the employe of the attorneys; and, while there was a temporary suspension of wages, there was no suspension of the influence to which his relation to his employers subjected him. 9 Am. and Eng. Ency. Law (2d ed.), 305.

The fact that the attorneys of the appellant appeared and cross-examined the witness did not operate as a waiver of their right to suppress the deposition on account of the incompetency of the notary. They could make no effectual objection until the deposition was filed in the court where the suit was pending, and it appears that they moved its suppression at the proper time.

It is not claimed in this case that any improper influence was exerted, or that the report of the evidence taken and transcribed by Mr. Harrison was not perfectly true and correct; but the result in other cases, and under other conditions, might be different, and the only safe rule is one which declares every such clerk an interested person, and hence incompetent to act.

Although the trial court decided, upon the affidavits and the other evidence before it, that the clerk and stenographer who wrote down the testimony of the witness Hart, and who, as a notary public, took Muldoon's deposition, was a disinterested person, we can not be bound by its decision upon a state of facts which admits of only one conclusion.

The errors next discussed relate to instructions given and refused. They will not be examined, because it is not shown by the record that all the instructions are embraced in the transcript.

Another ground of the motion for a new trial was that the verdict was not sustained by sufficient evidence. As the case must be tried again, and as other or different testimony may be introduced, we deem it inadvisable to express an opinion on the point so presented.

Other questions are raised by the assignment of errors and are discussed in the briefs of counsel, but, as they may not arise upon another trial, we will not examine them.

For the error of the court in overruling the motion for a new trial, the judgment is reversed, with directions to the court to sustain the motion for a new trial, and for further proceedings in conformity to this opinion.

Gillett, J., did not participate in this decision.