### HUNTINGTON CONSOLIDATED LIME COMPANY *v.* POWHATAN COAL COMPANY.

[No. 6,273.   Filed January 7, 1909.   Rehearing denied April 9, 1909. Transfer denied June 4, 1909.]

1. DEPOSITIONS.— *Suppression.*— *Officers.*—*Interest.*—*Attorney and Client.*—*Trial.*—*Evidence.*—A deposition taken by a notary who is a clerk for an attorney shown by an affidavit to have been interested in the case, may be suppressed on motion. p. 85.

MAY TERM, 1909. 85

Huntington, etc., Lime Co. v. Powhatan Coal Co.—44 Ind. App. 84.

2. DEPOSITIONS.—*Suppression.*—*Time.*—A motion to suppress a deposition may be made at any time before the trial. p. 86.

3. DEPOSITIONS.— *Suppression.*— *Estoppel.*— *Notice.*—A deposition taken before a clerk of an interested attorney may be suppressed, and the party moving to suppress is not estopped to make such motion because of his knowledge of the defects at the time of the taking of the deposition. p. 86.

4. DEPOSITIONS.— *Suppression.*— *Notary.*— *Interest.*— Where the relationship of attorney and client exists, though not in the case at bar, between parties taking depositions and the attorney whose clerk takes such depositions, they may be suppressed. p. 87.

From Huntington Circuit Court; *H. B. Shively,* Special Judge.

Action by the Powhatan Coal Company against the Huntington Consolidated Lime Company. From a judgment for plaintiff, defendant appeals. *Reversed.*

*W. & E. Leonard,* for appellant.

*C. W. Watkins* and *Bowers & Feightner,* for appellee.

ROBY, J.—Appellee recovered a judgment for $260 on account of coal which it alleged was sold and delivered by it to appellant. The controverted question in the case was whether appellant, after having leased a lime plant, owned and operated by it prior to July 1, 1904, to Martin Mindnich, who was previous to that time its foreman in conducting said business, had so held itself out as to be estopped from denying the authority of said lessee to bind it in the purchase of said coal.

The depositions of two witnesses were taken in the city of Toledo, which depositions were introduced in evidence, and are essential to support the judgment. Before the trial appellant moved to suppress said depositions, for the reason, among others, that they were taken before a notary public who was at the time a clerk in the employ of the plaintiff's attorneys. An affidavit was filed in support of this motion, wherein such facts were stated. No counter showing was made, and the court overruled said motion. Upon the authority of *Knickerbocker Ice Co.* v. *Gray* (1905),

Huntington, etc., Lime Co. *v.* Powhatan Coal Co.—44 Ind. App. 84.

165 Ind. 140, this was reversible error. It is attempted to sustain the ruling on the ground that the attorneys at whose office the depositions were taken are not shown by the record to be attorneys in the case. The fact is however shown by affidavit, and it is the fact, not the form in which it is made to appear, that is essential.

It is also argued that appellant is estopped by delay in filing the motion from insisting upon it. The deposition was taken February 3, 1906, the affidavit setting up the aforesaid facts was made February 5, 1906, and the motion to suppress was made April 17, 1906. The statute requires that a motion to suppress be filed before the beginning of the trial. §455 Burns 1908, §439 R. S. 1881. This was done. The mere fact that the trial was shortly to begin does not prevent the making of a motion to suppress depositions. The appellee vigorously insists that appellant had notice of the disqualification of the notary, and should therefore have made the motion at an earlier time, but to this it must be answered that appellee also had full knowledge both of the facts and the law involved, and therefore knew that a deposition so taken would be suppressed, upon motion made at any time before trial. Such knowledge deprives it of any basis for a claim of estoppel.

Other questions argued are not likely to arise upon a subsequent trial.

Judgment reversed, and the cause remanded, with instructions to sustain the motion for a new trial.


## On Petition for Rehearing.

Rabb, J.—Appellee, in an earnest petition for rehearing in this case, insists that the court has decided the case upon a question not presented by the record; that the action of the court below in overruling appellant's motion to suppress the depositions in question was not assigned as a reason for a new trial in appellant's motion therefor. In this, however,

appellee is mistaken. In the fifty-third reason, of the one hundred seventy-six reasons assigned as grounds for a new trial in appellant's motion, this action of the court was called in question.

It is further insisted that it does not appear that the officer before whom the depositions were taken was in the employ of attorneys for the appellee in the particular case in which the depositions were taken.

Numerous cases are cited in support of the contention that to render an officer taking a deposition an interested person, within the meaning of the rule that precludes him

4. from acting in the taking of depositions in a cause, he must be an attorney, or the clerk or servant of an attorney, for the party in the particular case in which the deposition is to be used.

We have carefully examined the authorities to which we have been cited, and we do not find that they support this contention, and we think the rule contended for is too narrow; that where the relation of attorney and client is established between the officer or those whom he serves, and the party in whose behalf the deposition is taken, such officer is clearly disqualified within the meaning of the rule.

Petition for rehearing overruled.