<hr />

## HOLLIDAY ET AL. *v.* ANHEIER.

[No. 21,589.   Filed November 29, 1910.]

APPEAL. —*Briefs.—Failure to Set Out Questioned Demurrers.— Waiver.*—A failure by appellants, in their brief, to set out in words or substance the questioned demurrers waives any alleged errors committed in the rulings thereon.

From White Circuit Court; *Harry C. Sheridan,* Special Judge.

Suit by Anthony A. Anheier against Charles A. Holliday and another. From a decree for plaintiff, defendants appeal. *Affirmed.*

*A. W. Reynolds* and *E. B. Sellers,* for appellants.
*Palmer & Carr* and *William E. Uhl,* for appellee.

MONKS, J.—Appellee brought this action to foreclose certain sewer assessment liens. Said sewer was constructed in 1907, in the town of Monticello, under §265 of the cities and towns act of 1905 (Acts 1905 p. 219, §8959 Burns 1908).

The alleged errors relied on for reversal are, "(1) the overruling of the separate demurrer to each paragraph of the complaint, and (2) the sustaining of the demurrer to appellants' answer."

Appellee insists that as appellants have not set out in their brief a copy of each of said demurrers, their substance, a succinct statement or the grounds thereof, as required by clause five of rule twenty-two of this court, said alleged errors are waived; citing a number of cases. Appellee's brief, objecting to the consideration of said assign-

ment of errors on account of appellants' failure to comply with said rule, was filed on April 13, 1910, but appellants have for more than six months ignored said brief, and taken no steps to amend it, or otherwise to comply with said rule. *Tisdale* v. *State* (1906), 167 Ind. 83, and cases cited; *Ellison* v. *Ryan* (1909), 43 Ind. App. 610, 612, 613; *State* v. *Lukins* (1909), 43 Ind. App. 341. It has been uniformly held that when a party fails to comply with the requirements of said rule, he waives the error, if any was committed. *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 142, and cases cited; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253; *Myers* v. *State* (1909), 171 Ind. 673, and cases cited; *Hall* v. *McDonald* (1908), 171 Ind. 9; *American Food Co.* v. *Halstead* (1905), 165 Ind. 633, and cases cited; *Wirrick* v. *Boyles* (1910), 45 Ind. App. 698. It follows that no question is presented for our determination.

The decree is therefore affirmed.