## ANDERSON *v.* LEONARD ET AL.

[No. 7,687. Filed June 20, 1912.]

1. Judgment.—*Default.—Motion to Set Aside.—Sufficiency.*—A petition or motion to set aside a judgment by default in a replevin action, showing that defendants had a good and meritorious defense, and alleging that on being served with summons they had employed an attorney who advised them that they need not

Anderson *v.* Leonard—51 Ind. App. 14.

appear further to the action until notified by him so to do, that such attorney receipted for and received the papers in the case and prepared answers to be filed, that plaintiff knew that defendants had employed such attorney, and that before return day of the summons their said attorney was compelled to go to a distant state on business and did not return until after the default had been taken, was sufficient to authorize the default to be set aside on proof supporting the averments. pp. 15, 17.

2. APPEAL.—*Assignment of Errors.—Ruling on Demurrer.—Waiver.* —An assignment of error in the ruling of the trial court on a *demurrer* is waived by appellant's failure to set out the demurrer or the substance thereof in his brief. p. 16.

3. PLEADING.— *Complaint.— Sufficiency.— Question of Sufficiency Raised After Judgment.*—A complaint will be held sufficient against an attack made for the first time after judgment, if it states facts sufficient to bar another suit for the same cause of action and does not wholly omit any fact essential to the cause of action attempted to be stated. p. 16.

From Superior Court of Marion County (78,690) ; *James M. Leathers,* Judge.

Petition by Henry S. Leonard and another against William P. Anderson to set aside a judgment by default. From a judgment for petitioners, the defendant appeals. *Affirmed.*

*G. W. Paul, W. T. Young* and *W. B. Paul,* for appellant. *Ira M. Holmes* and *J. E. Martin,* for appellees.

FELT, J.—In June, 1909, appellant brought this suit against appellees to replevy an automobile. The summons was duly served, and was returnable June 28, 1909. On June 29 each of the appellees was defaulted, and judgment was rendered against them in favor of appellant.

On September 7, 1909, appellees filed their verified motion to set aside the default and judgment on the ground of mistake, inadvertence and excusable neglect.

The petition or motion averred that the suit was an action in replevin, and that appellees had a good and meritorious defense thereto, in this: "That defendants have fully paid plaintiffs for the property claimed in this action;" that the summons was served on appellees on

June 17, 1909, and on that day they delivered the same to Ira M. Holmes, and employed him as their counsel; that they gave to him a full and complete statement of the facts of their defense to said action, and authorized him to file the necessary pleadings for them; that he then and there agreed so to do, and informed appellees that they need not appear further to said action until notified so to do by him; that appellees are informed and believe said Holmes did prepare the necessary answers to be filed for them in said case; that he receipted for and received the papers in said case as their attorney and was such attorney in said cause on June 29, 1909; that appellant and his attorney knew that appellees were represented by said Holmes; that on June 19, 1909, said Holmes was compelled to go to Tulsa, Oklahoma, on business, and did not return until after said default was taken; that he was at the time very busy, and entirely forgot to have said answer filed.

The trial court sustained the motion, and set aside the default.

Appellant has assigned as error (1) the overruling of his demurrer "to the complaint or motion of appellees," and (2) "that the motion or complaint of appellees does not state facts sufficient to constitute a cause of action."

The first assignment is waived by the failure of appellant to set out the demurrer or the substance thereof in his brief. The ground of the demurrer is not shown in any form

2. by the brief of appellant. *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607; *Holliday* v. *Anheier* (1910), 174 Ind. 729, 93 N. E. 1; *Chicago Terminal, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090.

The second assignment questions the complaint or motion for the first time after judgment. In such case the

3. pleading will be held sufficient if it states facts sufficient to bar another suit for the same cause of action,

and does not wholly omit any fact essential to the cause of action attempted to be stated.

1. The complaint or motion is sufficient to authorize the court to set aside the default on proof supporting the averments.

In *Mutual Reserve Life Ins. Co.* v. *Ross* (1908), 42 Ind. App. 621, 627, 86 N. E. 506, this court said: "On the hearing of such a motion it should be made to appear that the attorney gave the matter at least such attention 'as a man of ordinary prudence gives to his important business.' *Carr* v. *First Nat. Bank* (1905), 35 Ind. App. 216 [73 N. E. 947], 111 Am. St. 159. Such a motion is addressed to the judicial discretion of the trial court; and, unless we can say that upon the record before us there appears to have been an abuse of such discretion, whereby there has been undue interference with the course of justice, the judgment of the lower court will not be disturbed on appeal." See, also, *Green* v. *Stobo* (1889), 118 Ind. 332, 20 N. E. 850; *Williams* v. *Grooms* (1890), 122 Ind. 391, 24 N. E. 158; *Syfers* v. *Keiser* (1903), 31 Ind. App. 6, 9, 66 N. E. 1021; *Masten* v. *Indiana Car, etc., Co.* (1900), 25 Ind. App. 175, 181, 57 N. E. 148.

No available error having been pointed out, the judgment is affirmed.

Note.—Reported in 98 N. E. 891. See, also, under (1) 23 Cyc. 949; (2) 3 Cyc. 388; (3) 31 Cyc. 766.