## MODERN WOODMEN OF AMERICA v. JONES.

[No. 7,606. Filed June 27, 1912. Rehearing denied January 10, 1913.]

1. APPEAL.— *Ruling on Demurrer.— Waiver.— Briefs.—* Error alleged in the overruling of a demurrer is waived by appellant's failure to set out in its brief a copy of such demurrer, or to state its substance or the grounds thereof. p. 150.

2. TRIAL.—*Reception of Evidence.—Discretion of Court.—*Where, in an action on an insurance certificate, plaintiff rested her case without having shown that proofs of death had been made as provided for in the certificate, the action of the court in permitting plaintiff to reopen the case and introduce such proof and other evidence, after defendant had asked for a peremptory instruction, was a matter within the discretion of the trial court, and not erroneous. pp. 150, 151.

3. APPEAL.—*Review.—Discretion of Lower Court.—Order of Proof.* —The action of a trial court in permitting the introduction of evidence out of the usual order is a matter within its sound discretion, and will not be interfered with on appeal, unless it is made to appear affirmatively that there has been an abuse of such discretion which prevented the complaining party from having a fair trial. p. 151.

4. APPEAL. — *Review. — Evidence. — Refusal to Direct Verdict.* — Where there was some evidence to support each material averment of the complaint, it was proper to refuse to direct a verdict for defendant. p. 151.

5. TRIAL.—*Direction of Verdict for Plaintiff.—When Authorized.—* Where the evidence to support the material averments of the complaint is documentary and clearly makes out a case for plaintiff, and is susceptible of no other inference, and there is no evidence to contradict it or to establish a defense, an instruction to find for the plaintiff is proper. p. 151.

6. INSURANCE.—*Fraternal Insurance.—Defense.—Nonpayment of Dues.—Conditions Precedent.—*A fraternal insurance company may not defend an action on a certificate issued by it on the ground that a payment of dues was made too late, and at the same time retain the amount of such payment, but, to defend on such ground, it should show that it had refused to accept such payment, or had offered to return it and had kept the tender good by bringing the amount into court. p. 152.

7. INSURANCE.—*Fraternal Insurance.—Evidence.—Direction of Verdict.—*In an action on a fraternal benefit certificate, uncontradicted documentary evidence as to the issuance of the certificate,

the payment of dues and the death of the member, made a *prima facie* case for plaintiff, notwithstanding evidence showing an offer to return the last payment of dues, where defendant failed to keep the tender good, and, in the absence of any other evidence, an instruction to return a verdict for plaintiff was not erroneous. p. 152.

From Warrick Circuit Court; *Roscoe Kiper*, Judge.

Action by Mary Jones against the Modern Woodmen of America. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Benjamin D. Smith* and *Edmund L. Craig*, for appellant.
*R. E. Roberts, John W. Spencer, John R. Brill* and *Frank H. Hatfield*, for appellee.

IBACH, J.—Action to recover on a benefit certificate issued to the husband of appellee by appellant.

Appellant argues error of the trial court in (1) overruling the demurrer to the second paragraph of reply to the fifth paragraph of answer, (2) refusing to direct a verdict for appellant at the close of appellee's evidence and in allowing appellee to reopen the case, and (3) directing the jury to return a verdict for appellee.

Appellant has failed to set forth in its brief a copy of the demurrer, its substance or the grounds thereof, and for this reason has waived consideration of the first error argued. *Holliday* v. *Anheier* (1910), 174 Ind. 729, 93 N. E. 1; *Chicago, etc., R. Co.* v. *Walton* (1905), 165 Ind. 253, 74 N. E. 1090; *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869, 6 Ann. Cas. 607; *Wirrick* v. *Boyles* (1910), 45 Ind. App. 698, 91 N. E. 621; *Anderson* v. *Leonard* (1912), 51 Ind. App. 14, 98 N. E. 891.

Plaintiff rested her case, and thereupon defendant moved the court to instruct the jury to find for defendant, for the reason that the certificate introduced in evidence provides that before it becomes payable certain proofs of death must be made by the beneficiary, that no such proofs had been introduced and there was no evidence that

such were supplied, and until that is done there is no lia-
bility under the policy.  Thereupon plaintiff asked leave to
introduce such proofs, and over the objection and exception
of defendant was permitted to introduce such proof and
other evidence.  When plaintiff again rested, defendant
failed to offer any testimony, and the court on its own mo-
tion instructed a verdict for plaintiff.

It has been repeatedly held by this court and the Supreme
Court that the reception of additional evidence out of the
usual order is within the sound discretion of the trial
court.  Appellate courts therefore will not interfere
with the action of trial courts in this respect, until it
is made to appear affirmatively that there has been an abuse
of such discretion, and thereby the complaining party has
been prevented from having a fair trial.  The courts have
gone so far as to hold that after the trial has been concluded
and after the argument of counsel it was not error for the
trial court to admit additional testimony, opportunity
being given the opposite party to offer rebutting evidence to
oppose that received out of its regular or usual order.
*Stewart* v. *Stewart* (1902), 28 Ind. App. 378, 383, 62 N. E.
1023.  It has been held that there was no abuse of discretion
in admitting further testimony several days after the evi-
dence was closed *(Todd* v. *Crail* [1906], 167 Ind. 48, 57,
77 N. E. 402), or even two months after trial.  *Beatson* v.
*Bowers* (1910), 174 Ind. 601, 91 N. E.  We find no
abuse of discretion in the present case, nor that ap-
pellant was harmed.  There was some evidence to
support each and every material averment of the
complaint, and the court did right to refuse the mo-
tion to instruct for defendant.

In regard to the giving of the peremptory instruction to
find for plaintiff, the general rule is that where the evidence
to support the material averments of the complaint is
documentary and clearly makes out a case for the
plaintiff, and no evidence has been introduced either

to contradict it, or to establish a defense to plaintiff's action, so that there is absolutely no conflict in the evidence and all the evidence introduced is susceptible of no other inference, it is eminently proper for the court to instruct the jury to find for the plaintiff. *Porter* v. *Millard* (1862), 18 Ind. 502; *City of New Albany* v. *Ray* (1892), 3 Ind. App. 321, 29 N. E. 611; *Moss* v. *Witness Printing Co.* (1878), 64 Ind. 125, 131; *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613. In this last cited case, and in the case of *Hynds* v. *Hays* (1865), 25 Ind. 31, in discussing a similar question, the Supreme Court said: "This was not usurping the province of the jury, but was simply a discharge of duty by the court."

In the present case, appellee had proved by documentary evidence the issuance of the benefit certificate, the payment of all dues, and the death of the member, and, as before stated, appellant introduced no evidence of any character to sustain the issue tendered by the answer, which was that the member had become suspended before the last payment was made, and that as he was in ill-health at the time he made such payment, appellant, under the by-laws of the order, had refused to reinstate him. Further, appellant could not defend on the ground that a payment was made too late, and at the same time retain the amount of such payment, and in order to defend, it must show that it had refused to accept such payment, had offered to return it to the beneficiary, and had kept the tender good by bringing such amount into court. *American Cent. Life Ins. Co.* v. *Rosenstein* (1910), 46 Ind. App. 537, 92 N. E. 380.

The evidence showed that the amount of the last payment made by the member had been sent from appellant's head office to their local clerk with directions to tender it to the heirs or legal representatives of decedent, that it had been offered to appellee, that she refused it, and thereupon it was returned to appellant's head banker.

There was no showing that the tender was kept good by bringing the amount into court for appellee. As the evidence was without contradiction as to the issuance of the certificate, the payment of dues, and the death of the member, a *prima facie* case was thus made out for appellee. Then, as appellant introduced no evidence, and could not maintain its defense in the absence of a showing that a tender had been made to the beneficiary, and had been kept good by bringing the amount thereof into court, the question of appellant's liability became one of law, and the court did not err in directing a verdict for the plaintiff.

Judgment affirmed.

NOTE.—Reported in 98 N. E. 1006. See, also, under (1) 2 Cyc. 1014; (2) 38 Cyc. 1360; (3) 3 Cyc. 336; (4) 38 Cyc. 1576; (5) 38 Cyc. 1574; (6) 29 Cyc. 194; (7) 38 Cyc. 1574. As to the waiver of the forfeiture of a beneficiary certificate for the non-payment of an assessment or dues by the acceptance of arrearages or a similar act, see 11 Ann. Cas. 539.