## NEWMAN ET AL. v. HORNER.

[No. 8,103. Filed January 6, 1914.]

1. APPEAL.—*Questions Reviewable.—Briefs.*—Although appellants' briefs show only a partial compliance with clause 5 of Rule 22, the court will consider the questions in so far as they can be ascertained from the briefs with reasonable certainty, so that the demurrer to a complaint will be considered where a copy of such complaint is appended to the briefs and sufficient reference thereto is made in such briefs. p. 299.

2. APPEAL.—*Briefs.—Waiver of Objections.*—Objections to a complaint, not urged in appellants' briefs on appeal, are waived. p. 299.

3. CONTRACTS.—*Contract for Repurchase of Stock Certificate.—Breach.—Complaint.—Sufficiency of Demand.*—In an action on a contract to repurchase a certificate of stock sold to plaintiff, a complaint showing that plaintiff was at all times ready and willing to transfer such certificate to the defendants on payment by them of the amount due under the contract, and that defendants had been requested to carry out the contract and had refused, showed a sufficient compliance on plaintiff's part, since the refusal of defendants to carry out the contract excused plaintiff from the necessity of a formal tender. p. 301.

4. CONTRACTS.—*Performance of Condition.—Tender.—Sufficiency of Complaint.*—As a general rule a tender to be sufficient must be unconditional, but where there are conditions precedent to be performed by the other party, or where there are mutual and dependent obligations to be performed, the tender may be sufficient though conditioned on performance by the party to whom it is made, of the obligations resting on him, hence a complaint for breach of a contract to repurchase a stock certificate held by plaintiff was not open to the objection that it showed an insufficient tender, and that plaintiff's offer to assign the stock was accompanied by a demand for more than was due, where its averments showed that the transfer of the stock to defendants was dependent on payment therefor by them according to the terms of the contract, and that an offer was made by plaintiff to transfer the stock to defendants conditioned only on the payment of the amount due him. p. 302.

5. APPEAL.—*Questions Reviewable.—Findings and Conclusions of Law.—Briefs.*—Where neither the special findings nor their sub-

stance is set out in appellants' brief, there is no compliance with clause 5 of Rule 22 so as to present any question thereon, and though the substance of some of the findings is sufficiently set forth, no question is presented where it does not appear from the briefs that exceptions were reserved to the conclusions of law. p. 302.

6. APPEAL. — *Questions Reviewable.* — *Sufficiency of Evidence.* — *Briefs.*—No question is presented on the alleged insufficiency of the evidence where there is no attempt to set out the evidence in appellants' brief, or to give a condensed recital thereof in narrative form.  p. 303.

From Monroe Circuit Court; *James B. Wilson,* Judge.

Action by Jacob A. Horner against James H. Newman and others.  From a judgment for plaintiff, the defendants appeal.  *Affirmed.*

*J. J. LaFollette,* for appellants.

*J. E. Henley,* for appellee.

FELT, J.—The appellee brought this suit against William T. Breeden, John H. Doddridge, James H. Newman, W. H. Welch, Arthur G. Allen and Oscar L. Horner, to recover upon a written contract for the repurchase of stock certificate No. 9 issued by the Monarch Stone Company.  Error is assigned in overruling appellants' demurrer to appellee's complaint, in the conclusion of law on the facts found and in overruling appellants' motion for a new trial.  Appellee contends that no question is presented by the appeal

1. because of appellants' failure to comply with the rules of the court in the preparation of their briefs.

The briefs show only a partial compliance with the fifth clause of Rule 22, but in so far as the questions may be ascertained from the briefs with reasonable certainty we shall consider them.  Appellants have appended to their briefs a copy of the complaint, to which sufficient reference is made in the briefs to enable us to consider the demurrer to the complaint.  Only two objections are urged to

2. the complaint.  Others, if any, are therefore waived.

The first is, that the offer to assign the stock was

accompanied with a demand for more than was due; the second, that the tender of the stock is insufficient because the averments only show a willingness to transfer, without any affirmative act on the part of the appellee amounting to a tender.

We give the substance of the complaint so far as material to the questions presented. It shows that on September 15, 1905, there was assigned to Arthur G. Allen, certificate of stock No. 9 for ten shares of preferred stock, of the Monarch Stone Company, a corporation organized under the laws of the State of Indiana; that at the same time defendants William T. Breeden, John H. Doddridge, James H. Newman, and W. H. Welch, by a written instrument, for a valuable consideration, jointly and severally promised to buy from said Allen or his assigns said certificate No. 9, at its face value, with all interest or dividends accrued thereon; that on September 23, 1905, for a valuable consideration said Arthur G. Allen duly assigned said certificate of stock and said written agreement of purchase to Oscar L. Horner; that on June 5, 1906, for a valuable consideration, said Oscar L. Horner assigned said certificate and said agreement of purchase to Jacob A. Horner. Copies of said assignments are duly set out with and made a part of the complaint. It is also averred that defendants Breeden, Doddridge, Newman and Welch, jointly and severally failed and refused to perform and carry out said agreement to purchase, though requested so to do; that plaintiff demanded the amount due on said contract of purchase and said defendants have wholly failed and refused to pay him the amount due or any part thereof; that at all times since he became the owner of said certificate, plaintiff has been ready and willing to transfer said certificate of stock to said defendants or their assigns, by a valid assignment thereof, upon the payment to him of the par value of said certificate and the accrued interest or dividends thereon; that the par value thereof is $1,000; that said Monarch Stone Company is insolvent;

that said defendants are indebted to him in the sum of $1,500 as aforesaid, which is due and unpaid; that "he now tenders and offers to transfer to said defendants who executed said agreement to purchase said certificate of stock, and that he is ready to make said transfer at any time during the pendency of this action upon full payment being made, as provided in said agreement;" that said Arthur G. Allen and Oscar L. Horner are made parties defendant to set up any interest they may have or claim in said certificate of stock or said agreement to purchase. Prayer for judgment against Breeden, Welch, Doddridge and Newman for $1,500.

The complaint does not aver an absolute and unconditional tender of the stock duly assigned by the appellee to the appellants. The averments, however, show that the appellee was at all times ready and willing to transfer said certificate to appellants on payment by them to him of the amount due under the contract and that appellants had been requested to carry out the contract of purchase and had refused so to do. The refusal of appellants to carry out the contract would excuse appellee from the necessity of a formal tender. The averments show that he was the owner of the certificate and under such circumstances, if he were, as alleged, at all times ready and willing to transfer the stock on payment to him of the amount due therefor under the contract of purchase, that was a sufficient compliance with the contract on his part to warrant a recovery by him, if he was otherwise entitled thereto. The averments do not show a demand for any specific amount on transfer of the stock, but when fairly construed, show that the offer to transfer the stock was conditioned only on the payment to appellee of the amount due him therefor according to the contract of purchase. This was a condition with which appellee had the right to demand compliance, for it was in accordance with the provisions of the contract.

The general rule is well established that a tender to be sufficient must be unconditional, but there are instances, in

the nature of exceptions to the general rule, where the rule is not strictly applicable. Where there are conditions precedent to be performed by the other party, or where there are mutual and dependent obligations to be performed, the tender may be conditioned on performance by the party to whom it is made, of the obligations resting upon him. A more accurate and comprehensive statement of the general rule, perhaps, would be that the tender to be good must not be accompanied by any condition to which the party to whom it is made has any legal right to object, and is not invalidated by being coupled with a condition which the party making it has the right to impose and to which the other party cannot reasonably object. In this case the transfer of the stock to appellants was dependent on payment therefor by them according to the terms of the contract. *Ames* v. *Ames* (1910), 46 Ind. App. 597, 603, 91 N. E. 509; *Jordan* v. *Johnson* (1912), 50 Ind. App. 213, 219, 98 N. E. 143; 28 Am. and Eng. Ency. Law (2d ed.) 31; 38 Cyc. 152; *Odum* v. *Rutledge, etc., R. Co.* (1891), 94 Ala. 488, 10 South. 222; *Hampton* v. *Speckenagle* (1822), 9 S. & R. (Pa.) 212, 11 Am. Dec. 704. The complaint is not bad for the reasons assigned and we find no error in overruling the demurrer thereto.

The appellants have not complied with clause 5 of Rule 22 which requires "a concise statement of so much of the record as fully presents every error and exception relied on." The special findings of the court are not set out nor is the substance thereof stated so as to apprise the court of the contents thereof. The substance of some of the findings is given as a part of the argument, but the same is wholly insufficient to fully present the error relied on. Furthermore, it is not shown by the briefs that appellants excepted to the conclusions of law and in the absence of an exception duly reserved, no question would be presented, even if the facts were sufficiently set forth in the brief. *Tisdale* v. *State* (1906), 167 Ind. 83, 78 N. E.

324; *Holliday* v. *Anheir* (1910), 174 Ind. 729, 93 N. E. 1; *Anderson* v. *Leonard* (1912), 51 Ind. App. 14, 98 N. E. 891; *Town of Jasper* v. *Cassidy* (1913), 53 Ind. App. 678, 102 N. E. 278; *Laatsch* v. *Andree* (1912), 51 Ind. App. 242, 99 N. E. 451; *Miller* v. *Ruse* (1913), 54 Ind. App. 25, 101 N. E. 343.

The only reference to the grounds of the motion for a new trial is in the argument, where it is said: ''The motion for a new trial questions the sufficiency of the evidence to warrant the court in finding the facts as he did'' and that ''the second cause for a new trial is that the finding of facts is contrary to law.'' It is claimed there is no evidence to support some of the findings, but appellants have made no attempt to set out the evidence, or to give a condensed recital thereof in narrative form. Therefore no question is presented on the motion for a new trial. *Hartzell* v. *Hartzell* (1906), 37 Ind. App. 481, 485, 76 N. E. 439; *Chicago, etc., R. Co.* v. *Newkirk* (1911), 48 Ind. App. 349, 93 N. E. 860.

No reversible error is presented. Judgment affirmed.

Hottel, P. J., not participating.

Lairy, C. J., Ibach, Caldwell and Shea, JJ., concur.

NOTE.—Reported in 103 N. E. 820. As to sufficiency and effect of tender, see 77 Am. Dec. 470; 30 Am. St. 460. See, also, under (1) 2 Cyc. 1013; (2) 3 Cyc. 388; (3) 9 Cyc. 635; 38 Cyc. 134; (4) 38 Cyc. 167; (5) 2 Cyc. 728, 730, 1013; (6) 2 Cyc. 1015.