CALEDONIAN INSURANCE COMPANY *v.* INDIANA
REDUCTION COMPANY.

[No. 9,217.   Filed March 30, 1917.   Rehearing denied May 31,
1917.]

1. INSURANCE.—*Fire Policy.—Forfeiture.—Notice.*—A provision in an insurance policy that the policy should be void if any of the conditions were broken merely renders the policy voidable at the option of the insurer, and to avoid the policy the insurer is required to give prompt notice of its election to declare a forfeiture and to return all of the unearned premium. p. 568.

2. INSURANCE.—*Fire Policy.—Forfeiture.—Waiver.*—The failure of the insurer to return the unearned premium and to notify the insured of its intention to avoid the policy within a reasonable time after learning of a breach of a condition waives such breach. p. 568.

3. INSURANCE.—*Fire Policy.—Forfeiture.—Waiver.—Return of Premium.—"Reasonable Time."*—Where an insurer knew, or should have known, that the insured used gasoline on its prem-

MAY TERM, 1917. 567

Caledonian Ins. Co. *v.* Indiana Reduction Co.—64 Ind. App. 566.

ises, in violation of a condition in the policy, at the time the policy was issued, but did not offer to return the premium until more than two years after a fire, the prohibition against the use of gasoline was waived by failure to return the premium within a reasonable time. p. 568.

4. INSURANCE.—*Proof of Loss.—Failure to Object.—Conclusiveness.—Statute.*—In an action on a fire insurance policy, where the policy and proof of loss, as required by the terms of the policy and by §4622g Burns 1914, Acts 1911 p. 525, were introduced in evidence without objection by defendant insurance company, nor was objection made to the proofs of loss furnished, defendant must be held to have assented to the amount of loss as set forth in such proofs as the true statement of the loss sustained. p. 569.

5. TRIAL.—*Peremptory Instruction.—When Authorized.*—In an action to recover on a fire insurance policy, where the evidence was documentary and susceptible of the single inference that there should be a recovery by plaintiff and the amount thereof, it was proper for the court to direct a verdict for plaintiff. p. 569.

From Marion Circuit Court (21,883); *Charles J. Orbison,* Special Judge.

Action by the Indiana Reduction Company against the Caledonian Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke,* for appellant.

*Leander J. Monks, John F. Robbins, Henry C. Starr* and *James P. Goodrich,* for appellee.

IBACH, P. J.—This case in all of its essential features is similar to the case of *Globe, etc., Ins. Co.* v. *Indiana Reduction Co.* (1916), 62 Ind. App. 528, 113 N. E. 425.

Appellant in this appeal, however, seeks to present two additional propositions: First, that he did not know of the violation of the terms of the policy with respect to the use of gasoline until after the fire; therefore it was not required to return the premium in order to make complete answer that the policy was void. Sec-

ondly, the action of the court in giving to the jury a peremptory instruction to find for the plaintiff presents reversible error.

The doctrine is well established by the decisions of both courts of appeal of this State that a provision in an insurance policy that the policy should be

1. void if any of the conditions—such as the use of gasoline here—were broken, simply means that the policy is voidable at the option of the insurer, and if appellant desired to rescind the contract because of the use of gasoline in violation of the provisions of the policy, it was required to act promptly and inform the insured of its election to avoid the policy, and in some manner return, or offer to return, all of the unearned premium; and a failure on the part

2. of the insurer so to do will be deemed a waiver on its part to declare the policy void and it will be held to have determined to treat the policy as a valid existing contract of insurance. *Glens Falls Ins. Co.* v. *Michael* (1906), 167 Ind. 659, 74 N. E. 964, 79 N. E. 905, 8 L. R. A. (N. S.) 708; *Aetna Life Ins. Co.* v. *Bockting* (1906), 39 Ind. App. 586, 589, 79 N. E. 524, and cases cited.

The specific averments of appellee's third paragraph of answer show that appellant knew or should have known of the use of gasoline by appellee in its

3. plant at the time the policy in suit was issued. It also appears from the same pleading that appellant did not return or offer to return the premium it received for the policy until after this suit was instituted—more than two years after the fire. This was not such a return or offer to return within a reasonable time as is required by law in such cases. The fact that appellant's answer shows a failure to promptly offer to return the premium, and further omits to aver

MAY TERM, 1917. 569

Caledonian Ins. Co. *v.* Indiana Reduction Co.—64 Ind. App. 566.

its election to rescind the contract and the reasons therefor, supports the court's ruling in sustaining the demurrer addressed to such pleading.

The second proposition, *supra,* is presented by the sixteenth cause contained in appellant's motion for a new trial. The original policy of insurance was

4. introduced in evidence, as was also the proof of loss made by appellee required by its terms, and by the act of 1911 (Acts 1911 pp. 525-527, §4622g Burns 1914). Appellee made no objection of any kind to the introduction of these items of evidence, so that under this section since appellant made no objections to the proofs of loss furnished it, either as to form or substance, and the proofs were introduced in evidence appellant must be held to have assented to the amount of the loss set forth in the proofs as being a true statement of the loss sustained by appellee by reason of the fire.

The only oral evidence that was introduced fixed the date of the fire and nothing more. The policy by its express terms provided for the payment of the

5. loss and the law fixes the rate of interest if the insurance is not paid when due. At the close of the evidence therefore there was nothing remaining to be done except to compute the amount which appellee was entitled to recover. We are not unmindful of the constitutional provision of this State which grants the right to trial by jury in all civil cases, and we fully agree that this right should be guarded with scrupulous care, but it is our opinion that the appellant in this case enjoyed his full constitutional rights. Appellant did not attempt to introduce any evidence affecting the issues in the case, and after the evidence, the nature and character of which we have heretofore indicated, had been introduced, and there had been no objection to the

proofs of loss, there was then no controverted fact before the jury. There was nothing about which there could be any dispute or difference of opinion; consequently there was no evasion of the Constitution for the court to direct the verdict as was done in this case.

Appellant has cited a number of cases wherein this and the Supreme Court has held that it was error to direct a verdict in favor of the party having the burden of proof on an issue, and where the evidence was in whole or in part parol, but in each of the cases cited, so holding, the evidence is unlike that in the present case. In those cases there was either a conflict in the evidence or it was uncertain and equivocal in its character, or was reasonably susceptible of more than one interpretation or inference. In this case, however, the evidence upon all controlling questions is documentary and is susceptible of but one inference or interpretation — that of the right of appellee to recover and the amount thereof. *Haughton* v. *Aetna Life Ins. Co.* (1905), 165 Ind. 32, 73 N. E. 592, 74 N. E. 613; *Baker* v. *Bundy* (1913), 55 Ind. App. 272, 278, 103 N. E. 668, and cases cited; *Modern Woodmen* v. *Jones* (1912), 52 Ind. App. 149, 151, 98 N. E. 1006.

Judgment affirmed.

NOTE.—Reported in 115 N. E. 596. Insurance: forfeiture of policy, notice, waiver, 19 Cyc 712, 791; necessity of return or tender of unearned premium to affect cancellation of policy by insurer, 12 Ann. Cas. 1067, Ann. Cas. 1913D 490, 1917B 910, 19 Cyc 798; breach of condition as only rendering policy voidable, 43 Am. Dec. 222, 9 Am. St. 226.