## NEW BRUNSWICK FIRE INSURANCE COMPANY v. INDIANA REDUCTION COMPANY.

[No. 9,426.    Filed December 12, 1917.]

From Marion Circuit Court (21,967) ; *Louis B. Ewbank*, Judge.

Action by the Indiana Reduction Company against the New Brunswick Fire Insurance Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Charles B. Clarke* and *Walter C. Clarke*, for appellant.

*Leander J. Monks, John F. Robbins, Henry C. Starr* and *James P. Goodrich*, for appellee.

FELT, J.—This is a suit by appellee against appellant to recover on a fire insurance policy. The case was tried on an amended complaint in one paragraph, an answer in general denial and a second paragraph of special answer in which appellant set out certain provisions of the policy to the effect that no officer or agent of the company could waive any of the provisions thereof unless by agreement duly made by the company and indorsed on the policy; that the policy should be void if certain substances—among them, gasoline—were kept or used on the insured premises; that, after the issuance of the policy, appellee kept and used on the premises gasoline in large quantities, without the knowledge or consent of appellant, whereby the policy was rendered void, and appellant was relieved from any liability thereon. To such special answer appellee replied by general denial and by a second paragraph, the substance of which is that at the time the policy was issued appellee was engaged in the business of degreasing garbage; that in the process of so doing it was necessarily required to keep and use gasoline on the premises insured; that it did keep and use the same as a necessary part of its business, all of which was done with the knowledge and consent of appellant; that no more was kept or used than was necessary in carrying on the business aforesaid; that the same was kept and handled in a prudent manner, did not cause or contribute to the fire, and was not consumed by the fire which caused the loss of the property insured. Appellant also filed a third paragraph of answer, which proceeds on the theory that the policy was procured by fraud, to which answer a reply in general denial was filed. A trial by jury resulted in a verdict for appellee in the sum of $1,719. Appellant's motion for a new trial was overruled, judgment rendered on the verdict, and this appeal taken.

The error assigned and relied on for reversal of the judgment is that the court erred in overruling appellant's motion for a new trial. The causes for a new trial relied on as reasons for reversal

New Brunswick Fire Ins. Co. *v.* Ind. Reduct'n Co.—66 Ind. App. 706.

of the judgment are that the verdict of the jury is not sustained by sufficient evidence, and is contrary to law; also, error in giving and in the refusal of certain instructions.

The controlling questions by which appellant seeks a reversal of the judgment in this case have been recently considered and decided by this court adversely to appellant's contentions in cases arising out of the same general transactions, and based on facts substantially the same as those of the case at bar. An examination of those decisions and the cases therein cited with approval shows that no reversible error was committed in this case, that substantial justice was done between the parties, and that the judgment should be affirmed. *Globe, etc., Ins. Co.* v. *Indiana Reduction Co.* (1916), 62 Ind. App. 528, 113 N. E. 425, and cases cited; *Caledonian Ins. Co.* v. *Indiana Reduction Co.* (1917), 64 Ind. App. 566, 115 N. E. 596; *Insurance Co., etc.* v. *Indiana Reduction Co.* (1917), 65 Ind. App. 330, 117 N. E. 273. See, also, *Continental Ins. Co.* v. *Bair* (1917), 65 Ind. App. 502, 114 N. E. 763, 771, and cases cited; *Metropolitan Life Ins. Co.* v. *Johnson* (1911), 49 Ind. App. 233, 244, 94 N. E. 785.

Judgment affirmed.