SUNSHINE ET AL. *v.* THE EUCLID-105TH PROPERTIES CO.

(Decided December 10, 1928.)

*Mr. J. H. Sampliner* and *Mr. Max P. Goodman,* for plaintiffs in error.
*Mr. J. A. Klein,* for defendant in error.

LEVINE, J. Error proceedings are prosecuted to this court from an alleged judgment in the common pleas court, requiring plaintiff in error David Sunshine to sign certain alleged depositions taken before a referee in a proceeding in aid of execution. Various assignments of error are set forth, chief amongst which is that the notary public before whom the depositions were taken was an interested party, and that the stenographer who took down the notes at the hearing was an employee of the attorney who caused the depositions to be taken; also that the referee, Arthur A. Miller, was only present part of the time while the witnesses were being examined, and that most of the time the stenographer proceeded with the examination in the absence of Mr. Miller.

Our attention is directed to Section 11532, General Code, which provides that the officer before whom depositions are taken must not be a relative or attorney of either party, or otherwise interested in the event of the action or proceeding.

Counsel seem to proceed upon the theory that the

examination before a referee is in the nature of a deposition. The section of the Code governing examinations before a referee is Section 11768, which empowers the court of common pleas to require a debtor to appear and answer concerning his property; such appearance to be either before such judge or a referee appointed by him at a time and place within the county to be specified in the order. It has been held under this section that a court or referee has the power to order an examination of other witnessess than the judgment debtor, when satisfied, upon the application of a party, that additional witnesses should be examined.

Section 11476, General Code, provides that, upon the application of a party, or of its own motion, the court may direct a reference in any case in which the parties are not entitled by the Constitution to trial by jury.

Section 11478, General Code, provides that a trial by a referee shall be conducted as if by the court; and, in like manner, he may summon and compel the attendance of witnesses, administer necessary oaths, and grant adjournments.

It has been held that an order referring the case to a referee is not a final order reviewable on error. *Widows' & Orphans' Fund* v. *German Roman Catholic Central Verein et al.,* 16 C. C. (N. S.), 248, 26 C. D., 525.

Discretion is lodged in the court of common pleas to appoint a referee, and it must be assumed that the court selected a suitable person for that purpose. We are doubtful as to whether the provisions relating to the taking of depositions have any application to hearings before referees. Referees take

the place of the court, and hearings before referees are conducted in the same manner and according to the same rules of procedure as govern a trial court. If for some reason irregularities occur in the hearing before a referee, the party has an adequate remedy by entering his exceptions and thereafter objecting before the court to a confirmation of the referee's report.

We are referred to a leading case on the subject of taking depositions before disinterested persons and on the question as to who is regarded as a disinterested person, the case of *Knickerbocker Ice Co.* v. *Gray,* 165 Ind., 140, 72 N. E., 869, 6 Ann. Cas., 607. We quote from the syllabus as follows:

"5. A deposition, taken before a proper notary and taken down in shorthand and typewritten by a clerk of plaintiff's attorneys, should be suppressed, since such clerk was not a 'disinterested person' within the meaning of Section 433, Burns' 1901, Section 429, R. S., 1881.

"6. A student or clerk in the office of an attorney engaged in a cause was disqualified, in the chancery practice, from taking down the depositions of witnesses in such cause.

"7. Defendant does not waive his right to suppress a deposition, taken down by an improper person, by reason of the fact that he appeared and cross-examined the witness whose deposition was taken."

It must be kept in mind that the above case dealt with the taking of depositions under a statute similar to our own, while the case at bar deals with a trial before a referee who acted in place of the court.

We desire to call attention to a point entirely

overlooked by all concerned in this litigation. There is no provision of the law requiring witnesses who testify before a referee to sign the report of the testimony or any part thereof. When a hearing is completed before a referee, he makes his report to the court and applies for the confirmation of such report. It would seem therefore quite clear that the court had no power to require the witness to sign the testimony taken before the referee, because in doing that the court required him to do a futile and unnecessary act which would in no way affect the merits of the case. The attack upon the power of the common pleas court to require witnesses to sign the testimony in the case at bar seems therefore well taken.

The record, however, discloses that there was filed a motion for citation against plaintiffs in error, that, after a hearing upon the motion, the court granted the motion and ordered the witnesses to sign within 10 days the testimony taken before Arthur A. Miller, that thereafter various attachments were issued against these parties; and up to the date of the filing of the bill of exceptions the sheriff's report shows that the writ of attachment was not served for the reason that "within named defendants not found in my county."

A preliminary or interlocutory order is not reviewable on error. Had these parties been apprehended under the writ of attachment, and committed to jail, there would be presented to the court the question of a final order. Nothing of the sort is presented by this record. The writ of attachment still remains unserved, and under the circumstances the mere preliminary order of the common pleas

court upon these plaintiffs in error to sign the testimony taken before the referee is not a final order within the meaning of the Constitution, which makes final orders reviewable on error.

For the reasons above stated, we hold that the above order is not a final order and therefore not reviewable. The petition in error accordingly is ordered dismissed.

*Petition in error dismissed.*

SULLIVAN, P. J., and VICKERY, J., concur.