[No. 1944.  Decided March 18, 1896.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN THOMPSON, *Appellant*.

CRIMINAL LAW — EVIDENCE OF OTHER CRIMES — INTERPRETER.

In a prosecution for rape, it is error to admit in evidence over objection, testimony of a conversation had with defendant, in which he was alleged to have said, referring to the prosecutrix, "I suppose you want to get me in the same trouble with that old lady as you did with the little girl," and to permit the witness to answer the further question, " whether or not that trouble with the little girl, referred to in that conversation, related to some sexual matter between himself and the little girl." (HOYT, C. J., dissents).

When an interpreter is necessary in the trial of a criminal case, he should be neither a witness nor an interested party.

Appeal from Superior Court, Pierce County.—Hon. EMMETT N. PARKER, Judge.   Reversed.

*Fred G. Merrill*, and *Knight & Hollis*, for appellant.

*B. W. Coiner*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

GORDON, J.—Appellant was tried and convicted, in the superior court of Pierce county, upon an information charging him with the crime of rape. Numerous grounds of error are assigned, but reliance is mainly had on certain rulings of the lower court in admitting testimony over appellant's objections, and in charging the jury. We have reached the conclusion that the conviction must be set aside and a new trial ordered, because of error in the admission of evidence.

During the examination of Mrs. King, a witness for the state, she was permitted, over the objection of appellant's counsel, to relate a conversation occurring between herself and appellant subsequent to the time

of the commission of the alleged offense, in the course of which the appellant said to her: "I suppose you want to get me in the same trouble with that old lady [referring to the prosecutrix] as you did with the little girl." ⸱ It appears that the prosecutrix is the aunt of the witness and also lived with her. Thereupon the following question was asked: "You may state, Mrs. King, whether or not that trouble with the little girl, referred to in that conversation, related to some sexual matter between himself and the little girl," and the objection of appellant's counsel having been overruled, the witness answered, " Yes, sir." ⸱ Counsel for the state insisted below that this was competent for the purpose of showing that appellant knew " the nature of the trouble that he was about to get into," although no charge had at that time been preferred.

We think that the objection should have been sustained and the testimony excluded. The condition of the record did not justify it, and it needs no argument to demonstrate that its admission could not fail to prejudice the minds of the jurors against the appellant. It had no legitimate bearing on the only question which the jury were called upon to determine, and was better calculated to inflame their passions than persuade their judgments. The state " demands justice, not victims," and, considering the character of the accusation, it was peculiarly the duty of the trial court to see that the rights of the accused were rigidly guarded, and that all attempts to prejudice the jury against him were promptly suppressed. .

" When incompetent evidence *may* have a tendency to arouse the prejudices of the jury, it cannot be deemed harmless." 3 Rice, Evidence, p. 419d, and authorities there cited.

In this case the character of the evidence thus

wrongfully received was such as to leave no doubt as to its effect upon the verdict. Its virus tainted the whole case and became a factor in producing the result.

We have examined the charge and think it fairly stated the law. The character of the evidence was such as would have justified an instruction (had one been requested) defining the offense of simple assault, and permitting a verdict therefor to be found.

As the case must be tried again, we deem it proper to say that if it becomes necessary to have an interpreter for any of the witnesses produced, such interpreter should not himself be a witness nor an interested party. In the former trial it was found necessary to have an interpreter for the principal witness for the state, and, against the appellant's protest, her husband, who was also a witness, and related to the prosecutrix as well, was permitted to act as such interpreter. No necessity existed calling for such a course of proceeding. Counsel for the state should have known that the services of an interpreter would be required in taking the testimony of his principal witness, and have made provision accordingly, and it would have been proper to have continued the case until the services of a competent, disinterested interpreter could have been procured. How far the course of the former trial in this regard should be held to affect the result we are not called upon to determine, as for other reasons the conviction must be reversed and the cause remanded.

Anders, Scott and Dunbar, JJ., concur.

Hoyt, C. J. (*dissenting*).—I think that the evidence referred to in the foregoing opinion was admissible for the purpose to which it was limited by the trial court.

The defendant had, in connection with the charge for which he was prosecuted in this action, referred to a certain other transaction, and to make this reference intelligible it was necessary that the nature of the transaction referred to should be known, and only to that extent and for that purpose did the court allow testimony to be introduced as to such transaction. In my opinion the judgment should be affirmed.