## BIELICH v. STATE OF INDIANA.

[No. 23,638.  Filed February 17, 1920.]

1. CRIMINAL LAW.—*Accessory After Fact.—Intent.—Knowledge.*— To constitute a person an accessory after the fact, under §2097 Burns 1914, Acts 1905 p. 584, §226, which prescribes the same punishment as prescribed by law for the principal, it must appear that, after the commission of the felony, such person did harbor,

conceal or assist the principal with intent that he should escape detection, arrest, capture or punishment for the offense, and intent requires the defendant's knowledge of the crime at the time of the giving of such aid or assistance. p. 129.

2. CRIMINAL LAW.—*Rights of Accused.—Denial of Counsel.—*Where it appears that officers in charge of the defendant refused or ignored his requests to be represented by counsel, and that the court, before accepting his plea of guilty, made no inquiry as to his desire for, or means to employ, counsel, and did not inform him as to the court's duty to appoint counsel in case he was without means, such facts are sufficient to show a denial of the defendant's rights to appear by counsel as guaranteed by Art. 1, §13, of the Constitution. p. 132.

3. CRIMINAL LAW.—*Plea of Guilty.—Duty of Court.—*Where the defendant, who was called on to plead to a charge of being an accessory after the fact of murder, the punishment for which is death or life imprisonment, had been denied the right to consult with counsel, and, though he was without counsel at the time of his appearance to enter his plea, the court did not inform him as to the consequences of a plea of guilty, the plea was improvidently accepted and the court on such showing should have sustained the defendant's motion to withdraw it. p. 133.

4. CRIMINAL LAW.—*Plea of Guilty.—Explaining Indictment.—Presumption.—*Though the assumption is properly indulged that an interpreter correctly and accurately explained the indictment to the defendant in the absence of a contrary showing, such assumption is overcome where it appears that a police officer acting as interpreter, in explaining an indictment to one charged as an accessory after the fact of murder, so failed to make clear the elements of knowledge of the murder and intent to aid the principal's escape that the defendant could not intelligently plead to the charge; and the defendant's plea of guilty under such showing should have been set aside on his motion. pp. 133, 135.

5. COURTS.—*Officers.—Arresting Officer as Interpreter.—*Since an interpreter should be entirely free from any suspicion of interest either in the conviction or the acquittal of an accused, it is an impropriety to permit an arresting officer to act in such capacity. p. 136.

6. CRIMINAL LAW.—*Plea of Guilty.—Duty of Court.—*A plea of guilty should be made in an entirely voluntary manner by one competent to know the consequences, and the trial court should be satisfied of such facts before accepting the plea. p. 136.

From Lake Criminal Court; *Martin J. Smith,* Judge.

Prosecution by the State of Indiana against Damjan Bielich. From a judgment of conviction, the defendant appeals. *Reversed.*

*McMahon & Conroy,* for appellant.

*Ele Stansbury,* Attorney-General, and *A. B. Cronk,* for the state.

LAIRY, J.—On July 2, 1919, the grand jury of Lake county returned an indictment into the criminal court of that county by which appellant was charged as accessory after the fact to the crime of murder in the first degree, committed by one Thomas M. Batchelor on the person of one Herman Uecker.

The crime of accessory after the fact in felonies is defined by §226 of our Criminal Code, which provides that on conviction the accessory shall suffer the same punishment and penalties as are prescribed by law for the punishment of the principal. §2097 Burns 1914, Acts 1905 p. 584. To constitute a person an accessory after the fact, under the provisions of this statute, it must appear that a felony was committed, and that after the commission of such felony the person charged as accessory did harbor, conceal, or assist the person who committed the felony with intent that he should escape from detection, arrest, capture, or punishment for such offense. From this definition it is apparent that intent to assist the principal to escape detection, arrest or punishment for the commission of a felony is an essential ingredient of the crime; and this involves knowledge on the part of the accused, at the time such aid or assistance is given, of the commission of the felony and of the fact that the person aided or assisted had committed the offense or was connected

therewith. This element of the offense is pointed out at this time because it is regarded as having an important bearing on the questions which arise for decision in this appeal.

July 3, 1919, the next day following the return of the indictment, the appellant was brought into court, and the record shows that he entered a plea of guilty to the indictment, which the court accepted, and that the court at once fixed his punishment at imprisonment in the state prison for the term of his natural life, and entered judgment accordingly.

On July 10, 1919, appellant appeared by attorney and filed a motion for an order granting him leave to withdraw his plea of guilty and to enter a plea of not guilty to the indictment. On the 24th day of the same month appellant was brought into court, at which time affidavits were filed in support of his motion previously filed, and affidavits by the state were filed in opposition thereto. On the following day the court, having considered the motion and affidavits, overruled the motion, to which ruling the appellant excepted. The assignments of error present for review the action of the court in overruling this motion.

The motion for leave to withdraw the plea of guilty was based on several grounds, only three of which will be considered. The second specification states that appellant was entitled to the rights guaranteed by Art. 1, §13, of the state Constitution; and that he was denied the right to appear by counsel or to consult with counsel before entering his plea to the indictment. By the seventh specification, appellant alleges that he was not informed of the nature and cause of the accusation against him. By the eighth

specification appellant alleges that the plea of guilty entered in his behalf was not his plea; that appellant pleaded not guilty, but, being unable to speak and to understand sufficiently the English language, appellant was grossly imposed on by Christ Kovacevich, who, acting as an officer of the court, deliberately and falsely represented to the court that the plea of appellant was guilty as charged in the indictment.

From the undisputed facts disclosed by the affidavits filed in support of the motion and those filed in opposition thereto it clearly appears that appellant was denied the right to be represented by counsel. Appellant states in his affidavit that while he was in jail he asked an officer in charge to notify Joseph H. Conroy to represent him as his attorney, and that later, when he was brought into court to plead to the indictment, he requested of Christ Kovacevich and Captain Vodicka, both officers of the police department of the city of Gary, to have Mr. Conroy present to appear for him. He states further that both of these officers told him that he did not need a lawyer as he would be released on bond if he told the same story to the court which he had told to them. Each of these officers made an affidavit in opposition to the motion, and they both deny making the latter statements; but neither of them denies that appellant requested them to notify Mr. Conroy to represent him, and neither offers any excuse for not complying with such request.

The unconflicting statements of the affidavits show that, when appellant was brought into court on July 3, 1919, the indictment was read to him in English, and Christ Kovacevich, acting as interpreter for the court, attempted to explain to appellant the meaning

of the indictment. It appears that appellant did not enter any plea at that time, and that he was taken back to jail. About fifteen or twenty minutes later he was again brought before the court, at which time the judge stated to him in the English language that he had a right to have and could have an attorney; that he could plead not guilty and have a jury trial; and that, if he pleaded guilty, the court would have a right to punish him according to law. The court then instructed Kovacevich to so inform appellant. The interpreter talked to appellant in his own language and then informed the court that appellant said he was guilty and desired to plead guilty. The court then said: "Now you understand, that upon your plea of guilty, it will be the duty of the court to impose the penalty as provided by law." After again talking to appellant in the Serbian language, the interpreter informed the court that appellant so understood. The court then said: "With that understanding, I will accept your plea of guilty."

It thus appears that the officers who had charge of appellant refused or ignored his requests to be represented by counsel; and it does not appear

2. that the court, before accepting his plea, made any inquiry as to his desire to be represented by counsel, or as to his ability to employ counsel to represent him; nor does it appear that the judge informed him that it was the duty of the court to appoint an attorney to represent him in case he was without means to employ one. Under the facts shown appellant was denied the right to appear by counsel as guaranteed by Art. 1, §13, of our state Constitution. *Batchelor* v. *State* (1920), *ante* 69, 125 N. E. 773.

The indictment to which appellant was called on to

plead charged an offense for which the punishment prescribed by statute is death or imprisonment for life. He had been denied the right to consult with counsel at any time before he was required to plead, and at the time he appeared in court for that purpose he was not represented by counsel. Before accepting the plea the court did not inform appellant as to the consequences of a plea of guilty. Under a similar state of circumstances, this court held in the case last cited that the plea of guilty was improvidently accepted by the court, and that the court on such a showing should have sustained a motion by appellant for permission to withdraw the plea of guilty.

To this point in the opinion the court has proceeded on the assumption that the police officer who acted as interpreter correctly and accurately explained the indictment to the appellant in his own language in such a way as to enable him to understand the essential elements of the offense therein charged, and that he accurately and correctly interpreted and stated the language addressed by the court to appellant, and the language used by appellant in response thereto at and immediately preceding the entry and acceptance of the plea of guilty. Such an assumption is properly indulged, in the absence of any showing to the contrary. In this case appellant asserts, as one of the causes on which his motion for leave to withdraw his plea is based, that the plea entered was not his plea for the reason that the interpreter incorrectly informed him as to the substance of the charge, and that he incorrectly informed the court as to the meaning and substance of appellant's language when he stated to the court that appellant said

he was guilty, and that he desired to plead guilty. In support of this cause of his motion appellant files an affidavit in which he sets out in his own language the words used by the interpreter in stating the nature of the charge, and he states that the words used when translated into the English language mean: "They are suing you for driving that man to Chicago." The officer who acted as interpreter made an affidavit which was filed in opposition to the motion, but he does not deny that he used the foreign words in the connection stated nor does he state that the translation given is incorrect. Appellant further states that, when he was taken before the court the second time, the interpreter asked him in the Serbian language the following questions: "Q. Do you know that Thomas M. Batchelor killed a man? Q. Did you, on the 14th day of June, drive Thomas M. Batchelor to Chicago?" Appellant states that he answered both of these questions in the affirmative; but he further states in his affidavit that he learned of the commission of the crime for the first time at 10 o'clock p. m. on June 14, 1919, after his return from Chicago. A part of the statements made by appellant in his affidavit is corroborated by four witnesses who depose in their affidavits that they were present and heard a conversation between Mr. Ratkovich, an attorney who speaks the Serbian language, and Mr. Kovacevich, the man who acted as interpreter, in which the former asked the latter the following question: "Did you translate the indictment to Bielich?" To which question the latter replied: "I have not. I told Bielich that he was charged with taking Thomas Batchelor to Chicago."

In the affidavit of Kovacevich, filed in opposition

to the motion, the affiant does not specifically deny that he made the statements to which reference has been made, nor does he state that he did not use the language thus accredited to him in stating to appellant the nature of the offense to which he was required to plead; although he did state in general terms that he correctly translated the indictment and that he correctly translated the statements made by the court to appellant and the responses made by appellant to such statements. This general statement, involving as it does the opinion of the witness as to the correctness of the translation made by him, cannot be regarded as a refutation of the direct statements made in the affidavits filed in support of the motion.

From undisputed specific statements contained in the affidavits it appears that, when appellant was brought before the court to plead to the indictment, he was asked in the Serbian language two questions. The first question was, "Do you know that Thomas M. Batchelor killed a man?" The second was, "Did you on the 14th day of June drive Thomas M. Batchelor to Chicago?" Both of these questions being answered in the affirmative, he was then told that he was charged with driving that man to Chicago. With such knowledge as to the nature of the charge, it cannot be reasonably assumed that appellant could plead intelligently to a charge contained in an indictment the essential elements of which involve knowledge of the commission of a felony and an unlawful intent and purpose on his part to aid and assist the perpetrator to escape detection, arrest, conviction, or punishment for the offense committed.

It may not be out of place to refer again to the

impropriety of permitting an officer to act as interpreter for an accused person in whose arrest

5.   or detention the officer has actively participated. *Mislik* v. *State* (1915), 184 Ind. 72, 77, 110 N. E. 551. The person acting as interpreter in such a case should be entirely free from any suspicion of interest in either the conviction or acquittal of the party accused.

That a plea of guilty should be entirely voluntary, and should be made by one competent to know the consequences thereof, and that the trial court

6.   should satisfy itself of these facts before receiving such a plea, appears to be well settled. *Dobosky* v. *State* (1915), 183 Ind. 488, 109 N. E. 742; and cases there cited.

The judgment of the trial court is reversed, with instructions to set aside the judgment of conviction and sustain the motion of appellant for leave to withdraw his plea of guilty. The clerk of this court is directed to make and certify the usual order for the return of appellant to the custody of the sheriff of Lake county.

Harvey, J., absent.