## Commonwealth v. Galletti.

Roscoe B. Smith, Assistant District Attorney, for Commonwealth.

John H. Dando and William A. O'Connor, for defendant.

COUGHLIN, J., Jan. 30, 1929.—Defendant was convicted on Nov. 24, 1928, of murder in the second degree. She now moves for a new trial and arrest of judgment for the single reason that (1) the court erred in allowing the district attorney to cross-examine the defendant as to acts of adultery with the deceased victim on occasions prior to the day of the shooting.

Upon Oct. 8, 1928, at about 9.30 A. M., the deceased, William Jones, went to the home of the defendant, Gertrude Galletti, wife of John Galletti. He was killed by a revolver in the hands of the defendant.

The Commonwealth contended that, while the deceased was in the dining-room of defendant's house, having intimate relations with the defendant, her husband came down an enclosed stairway leading into the room with a loaded revolver in his hand. The clothing of the deceased was open and partly down, which he was trying to adjust as the husband entered the room. The wife seized the revolver and shot deceased to prevent her infidelity from being disclosed.

The defendant claimed that on the day in question deceased came to her house, entered the kitchen unannounced and proceeded to the dining-room, the defendant alone being present in the kitchen; that he grabbed hold of her, tried to pull her down upon the couch in said dining-room and endeavored to get the best of her. She testified that she thereupon called her husband, who came down the stairs with the loaded revolver; that she took the gun from her husband and the same accidentally discharged, killing deceased; that she thereupon notified the police, who, within a short time, were on the scene of the killing.

The testimony in general, the statements of the defendant immediately following the shooting, and the facts and circumstances surrounding the same, pointed to murder and not to an accidental killing.

The district attorney was permitted to cross-examine the defendant on the subject of her illicit relations with deceased. It appeared to us at the time, and still appears, that this was proper cross-examination, tending to rebut defendant's testimony, tending to show motive, tending to contradict the tes-

timony of the defendant that she had been attacked, and went to show that the visits of the deceased had been welcomed periodically at about the same time in the morning, when defendant's husband was accustomed to be at work and defendant alone in the home.

Counsel for defendant, in his examination of defendant, had elicited the testimony that she had first known deceased two and one-half months prior to the day of the shooting; that he had come to her door wanting to sell her pictures; that she had refused and warned him to keep away; that he had returned once a week, and that she had each time warned him to keep away. She thereby asked the jury to believe that the deceased, who was killed at her hands, had been constantly an unwelcome visitor, repeatedly warned and ordered away, and was upon the day of the shooting assaulting her, and that she called her husband, who rushed to her defense.

It is defendant's contention that such cross-examination was in violation of the Act of March 15, 1911, P. L. 20. That act is entitled "An act regulating in criminal trials the cross-examination of a defendant when testifying in his own behalf," and provides that a person charged with crime "shall not be asked, and, if asked, shall not be required to answer, any question tending to show that he had committed, or been charged with, or been convicted of, any offense other than the one wherewith he shall then be charged, or tending to show that he has been of bad character or reputation," unless he shall have asked questions of the prosecution's witness with a view to establish his own good reputation, or has given evidence to prove that fact, or shall have testified against a co-defendant.

As was said in Com. v. Dorst, 285 Pa. 232: "It is of vital consequence, in passing upon the court's position, to have in mind the situation with which it was dealing, created by defendant's defense." According to defendant, the deceased had entered her home as an intruder and endeavored to assault her, and came to his death through an accidental shooting when she summoned aid. The Commonwealth was entitled to meet this issue by showing that for some time prior thereto the defendant had been having illicit relations with the deceased, always at a time when the husband was at work, with the exception of the day in question, when he had returned because, as he alleges, he was not feeling well. If, in order to show her mental attitude toward the deceased and her motive in shooting him, the Commonwealth was required to disclose that her relationship was of a criminal nature, such disclosure in no way offended against the Act of 1911.

As was stated in Com. v. Dorst, supra, "that act was passed, not for the purpose of gyving the arms of the Commonwealth to prevent it from tearing away a defense erected, but was enacted to obviate the real or fancied hardship to defendants, sanctioned by the decision in Com. v. Racco, 225 Pa. 113, long the practice in many of our criminal courts, of asking those upon trial charged with crime, entirely irrelevant to their defense, whether they had not committed or been charged with or convicted of other offenses."

In the case at bar, the cross-examination of the defendant appeared to us to be the result of a natural development of the facts rather than an attempt to introduce evidence of the commission by defendant of another offense: Com. v. Cicere, 282 Pa. 492. It was proper examination under the circumstances, tending to rebut defendant's evidence: Com. v. Pava, 268 Pa. 520. Therefore,

Exception of defendant is overruled and motion for new trial and arrest of judgment denied.

From Frank P. Slattery, Wilkes-Barre, Pa.