## McGuire *v.* State of Indiana

[No. 28,674. Filed October 27, 1950. Rehearing denied December 1, 1950.]

T. *Ernest Maholm,* of Indianapolis, and *Arthur C. VanDuyn,* of Greenfield, for appellant.

*J. Emmett McManamon,* Attorney General; *Charles F. O'Connor* and *Merl M. Wall,* Deputy Attorneys General, for appellee.

STARR, J.—The appellant was tried and convicted before a jury in the lower court on a charge of murder in the first degree and his punishment assessed at imprisonment during life.

Appellant has presented for our consideration two grounds of alleged error, each of which he has raised by his motion for a new trial which was overruled by the trial court.

The first ground is that at the time the case was tried Marietta Watson was, and still is, the official court reporter of the Hancock Circuit Court where said case was tried. That she was then, and still is, the wife of the prosecuting attorney of that judicial district. That due to this fact appellant, by his motion made prior to entering upon the trial, requested the

trial court to appoint one other than Marietta Watson to act as reporter in the case, which motion was overruled. The record discloses that said court reporter thereupon proceeded to act in her official capacity as such reporter throughout the trial.

It is appellant's contention that the overruling of this motion was reversible error as the official court reporter was connected with the administration of justice and her relation to the prosecutor disqualified her.

Appellant argues that the same principles should govern in this case as were applied in the following cases: *Knickerbocker Ice Co.* v. *Gray* (1905), 165 Ind. 140, 72 N. E. 869; *Mislik* v. *State* (1915), 184 Ind. 72, 110 N. E. 551; *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220; *Block* v. *State* (1885), 100 Ind. 357; and *Gaff* v. *State* (1900), 155 Ind. 277, 58 N. E. 74.

The case of *Knickerbocker Ice Co.* v. *Gray, supra,* decided it was error not to suppress a deposition taken before a notary public where the testimony was taken down in shorthand by a stenographer employed by and in the office of the attorneys for the party for whom the deposition was obtained. We think this case is not in point. It will be noted that our statute in regard to the taking of depositions was in force at the time the last mentioned case was decided which requires that in case the testimony is taken down by a person other than an officer before whom it is taken, or the deponent, such person shall be a disinterested person. § 2-1512, Burns' 1946 Replacement. Our statute providing for the appointment of court reporters does not provide for the appointment of a disinterested person as defined by the last mentioned case, but only that the judge shall not appoint his son or daughter. See § 4-3502, Burns' 1946 Replacement (Acts 1899, ch. 169, § 2, p. 384). Furthermore, there

is a vast difference between the taking of a deposition before a notary public which is to be used in court, and the taking of testimony in the presence and hearing of the court at the trial of a cause. The determination of what testimony was actually given before a court is for the court itself. It has been decided that the settling of a bill of exceptions containing the evidence is a judicial act and the judge's authority to settle the same cannot be delegated to the court reporter. In settling such bill the trial judge must exercise his own judgment in respect to the truth of the statements therein embodied. *Adams* v. *State* (1901), 156 Ind. 596, 59 N. E. 24. The taking down of the testimony by the reporter is a ministerial act. It was not asserted that the copy of the evidence made by her was not correct or that she was unfair in any particular.

It was appellant's duty, in order to warrant a reversal, to affirmatively show harmful error, and this he has failed to do. *Pitts* v. *State* (1939), 216 Ind. 168, 23 N. E. 2d 673.

Neither *Mislik* v. *State, supra,* or *Bielich* v. *State, supra,* is in point in this case. Each of these cases merely condemns the use of a police officer, who has participated in the defendant's arrest or detention, as an interpreter in receiving the plea of such defendant. It would be natural to suppose such officer would be anxious to justify his former action. No such situation exists in the present case.

*Block* v. *State, supra,* involved the question of the competency of a deputy prosecutor to sit as a juror in a case, and *Gaff* v. *State, supra,* involved the same question as to a deputy sheriff. Each of these cases held that implied bias was a recognized ground for challenge in this state, being the same as the common law challenge for favor. These cases are not in point.

What might render a person incompetent to sit as a juror has no bearing on the eligibility of one to serve as a court reporter.

The second ground for reversal is that the verdict is not sustained by sufficient evidence and is contrary to law for the reason that there is no proof of malice.

The evidence in this case most favorable to the state, and which is uncontroverted, is that the appellant had been drinking beer in a tavern operated by the deceased. When he started to leave the tavern with a half bottle of beer in his hand the deceased informed him that it was unlawful to take beer out of the place in that manner and the appellant then set the beer down and walked out of the tavern. That in about ten or fifteen minutes the appellant came back to the tavern, opened the door, called to the deceased and then without provocation immediately shot him with a revolver. That after the deceased had fallen to the floor appellant continued to shoot bullets into his body, then turned and ran out of the door where he was seized by a policeman. After the shooting had occurred the appellant made remarks to the effect that he was glad he had done it.

With such evidence before it as to the use of a deadly weapon the jury could reasonably infer the act was done with premeditated malice. See *Hunt* v. *State* (1939), 216 Ind. 171, 23 N. E. 2d 681.

Judgment affirmed.

NOTE.—Reported in 94 N. E. 2d 589.