DEERING *v*. STATE OF INDIANA.

[No. 30,905. Filed January 12, 1968.]

*Forrest Bowman, Jr.,* of Indianapolis, for appellant.

*John J. Dillon,* Attorney General, and *Charles J. Deiter,* Deputy Attorney General, for appellee.

ARTERBURN, J.—Appellant was charged and convicted of being an accessory after the fact of jail breaking and was sentenced accordingly. He was tried without a jury. The sole contention made on this appeal is that the evidence is insufficient to support the finding and judgment of the court.

The evidence is very meager and is as follows:

A deputy sheriff testified that one Malcolm Clark, Jr. was being held in the Marion County jail on February 9, 1964, in connection with a charge of armed robbery and that he escaped from the jail on that date. The next testimony is to the effect that Mrs. Mary Ann Johnson said she was at the home of Otto Deering, the appellant, shortly after February 9th, when he got a phone call and then left. Upon returning, he told Mrs. Johnson and Mary Ellen Pitcher who was also there, to stay in the kitchen "close the door and don't ask me no questions and I won't tell you no lies." On or about the 10th or 12th of February, Malcolm Clark, Jr., the escapee, walked into the kitchen and talked to the two women. He did not reveal his identity. He remained at the appellant, Otto Deering's home until Wednesday evening, when Deering took him somewhere in an automobile. Mrs. Johnson was later taken by the appellant to 1240 North Broadway, where she saw Malcolm Clark, Jr. again. During this period the appellant told Mrs. Johnson to keep her mouth

shut, and he again told her "to keep her mouth shut" after he was arrested.

The charge against the appellant reads as follows:

"Affidavit for ACCESSORY AFTER THE FACT (JAIL BREAKING)"

"BE IT REMEMBERED, That, on this day, before me, NOBLE R. PEARCY, Prosecuting Attorney of the Nineteenth Judicial Circuit, personally came DONALD D. RAUCH, who, being duly sworn, upon his oath says that MALCOLM CLARK, JR. on or about the 9th day of February, A.D., 1964, at and in the County of Marion in the State of Indiana, then and there being a person lawfully confined in the Marion County Jail in said County and State and under lawful detention, to-wit: a Capias, from the CRIMINAL COURT, DIVISION #2, of Marion County, STATE OF INDIANA, Cause #28122-Z, did then and there unlawfully and feloniously escape from the custody of ROBERT H. FIELDS who was then and there SHERIFF OF MARION COUNTY, State of Indiana, then and there an officer lawfully in charge of said MALCOLM CLARK, JR., and that the defendants OTTO H. DEERING AND MARY ANN JOHNSON, after the committing of the felony aforesaid, to-wit: on the 9th day of February, 1964, not standing in the relation of husband and wife, parent or child, to the said MALCOLM CLARK, JR., and well knowing the commission of the felony aforesaid, by the said MALCOLM CLARK, JR., did then and there in the County and State aforesaid, unlawfully and feloniously harbor, conceal and assist the said MALCOLM CLARK, JR., with intent that the said MALCOLM CLARK, Jr., should then and there and thereby escape from detection, arrest, capture and punishment for the commission of the said crime, then and there being . . . contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Indiana."

It is argued that there is an essential element lacking in this proof, namely, evidence that the appellant knew that Malcolm Clark, Jr., had been arrested, was in jail under a felony charge and had escaped.

In *Bielich* v. *State* (1920), 189 Ind. 127, 126 N. E. 220 it is

stated with reference to a charge similar to that in this case (189 Ind. at pp. 129, 130):

> "From this definition it is apparent that intent to assist the principal to escape detection, arrest or punishment for the commission of a felony is an essential ingredient of the crime; and this involves knowledge on the part of the accused, at the time such aid or assistance is given, of the commission of the felony and of the fact that the person aided or assisted had committed the offense or was connected therewith."

There is nothing in this case in the way of evidence which proves that the appellant knew that the escapee, Malcolm Clark, Jr. was guilty of the felony charged in the affidavit. From the evidence it might be concluded by proper inferences drawn that he aided and even concealed the escapee, but it takes more than that to prove the charge against this appellant. It takes proof of his knowledge specifically of the jail breaking. From all that the evidence fails to show, one could speculate that the appellant might have been concealing Malcolm Clark, Jr. for a number of different reasons. We cannot guess at such an essential element of crime.

The judgment of the trial court is reversed, with directions to grant a new trial.

Lewis, C. J. and Mote, Hunter and Jackson, JJ., concur.

NOTE.—Reported in 232 N. E. 2d 604.