**Carrie Lee GREEN, Charles Amos Brown, Defendants Below, Appellants,**

**v.**

**The STATE of Delaware, Plaintiff Below, Appellee.**

Supreme Court of Delaware.

Dec. 2, 1969.

William H. Draper, Jr., Dover, for appellants.

James H. Hughes, III, Deputy Atty. Gen., Dover, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice (for the majority).

These are appeals from convictions of robbery. The single question raised by the appeals is whether or not the defendants were prejudiced by calling as a witness for the State the individual who had acted as interpreter for the victim of the crime.

The victim was a migrant farm worker who spoke no English. The labor contractor and boss of the migrant labor camp acted as interpreter during the direct and cross-examination of the victim. One issue of fact was the amount of money the victim had on his person at the time of the crime. The interpreter at the call of the State, and over the defendant's objection, testified that the victim was a good worker and habitually carried large sums of money on his person. Relying on State v. Lazarone, 130 La. 1, 57 So. 532, and State v. Thompson, 14 Wash. 285, 44 P. 533, appellants contend that they were prejudiced by the calling as a State's witness the man who had acted as interpreter for the victim.

■ The use and the qualifications of an interpreter are matters for the consideration of the trial judge in his discretion. The propriety of his action is to be weighed in the light of all the relevant circumstances, and will not be interfered with unless injustice to the defendant clearly appears. III Wigmore on Evidence (3rd Ed.), § 811; 3 Wharton's Criminal Evidence (11th Ed.), § 1262; State v. Deslovers, 40 R.I. 89, 100 A. 64; Commonwealth v. Pava, 268 Pa. 520, 112 A. 103.

In State v. Lazarone, supra, cited by appellants, the facts are that a new trial was allowed by reason of the possible bias of the interpreter against the defendant. This suspected bias arose from the fact that the interpreter had contributed to a fund for the prosecution of the accused. And in State v. Thompson, also cited, the inter-

preter, who was a witness, was the husband of the principal witness for the State and related to the prosecutrix as well.

We have no doubt that in these two cases a sufficient showing of possible bias was made against the interpreter, but they are not persuasive in the case at bar. At bar, there is no attempt to show any bias at all on the part of the interpreter. The argument is that it is error in law to permit an interpreter to be a witness for the State, but we think that may not be. Indeed, as a matter of fact, an interpreter is sworn and is a witness, himself, and the accuracy of his interpretation may be impeached and the fact determined by the jury. 3 Wharton's Criminal Evidence (11th Ed.), § 1262.

Furthermore, in the case at bar, while the interpreter testified that the victim habitually carried a large sum of money on his person, there was other testimony concerning the amount of money the victim had, including the testimony of two witnesses who were called for the defense. Under the circumstances, even if it be considered error to permit the interpreter to testify, it was harmless error.

We will affirm the convictions but, at the same time, take the occasion to caution the trial courts against permitting an interpreter to take the stand as a witness, not in the role of interpreter, but to testify on the issues to be presented to the jury.

The judgments below are affirmed.

HERRMANN, Justice (dissenting).

I would reverse on the ground that it was prejudicial error to permit the interpreter, designated as such at the request of the State to translate the testimony of the victim, to testify as a prosecution witness as to the facts of the case.

A person designated and sworn by the Court as the interpreter for the trial becomes part of the Court's "team" mo-mentarily and is cloaked with officialdom in the eyes of the jury. This interpreter was the employer of the victim but had no relationship to the defendants. He was called by the State. It is reasonable to assume that the interpreter's testimony as to a fact in issue influenced the verdict of the jury prejudicially.

It should be the rule, in my opinion, that the interpreter designated by the Trial Court should be disqualified as a witness, especially in a criminal case tried before a jury.