Claudio **GONZALES**, Defendant below, Appellant,

v.

**STATE of Delaware**, Plaintiff below, Appellee.

Supreme Court of Delaware.

Submitted Nov. 5, 1976.

Decided March 3, 1977.

Arlen B. Mekler, Asst. Public Defender, Wilmington, for defendant below, appellant.

Merritt Burke, III, Deputy Atty. Gen., Georgetown, for plaintiff below, appellee.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

HERRMANN, Chief Justice:

Defendant appeals from his convictions for burglary in the first degree [11 *Del.C.* § 826], reckless endangering in the first degree [11 *Del.C.* § 604], and possession of deadly weapon during the commission of a felony [11 *Del.C.* § 1447], on the ground that it was violative of due process for the Trial Judge, over the defendant's objection, to allow one of the arresting police officers to act as the interpreter at the trial.

## I.

At the time of arrest, the defendant was questioned by the police. Because of the defendant's Spanish-speaking origins and his inability to speak English, an interpreter was required for the interrogation. One of the arresting police officers served in that capacity.

At trial, the services of an interpreter again were needed. The State, anticipating this necessity, provided for the presence of the same police officer who had served as interpreter at the police interrogation. The Trial Court agreed to this arrangement over the defendant's objection based upon the State's use of the officer as a witness to the defendant's statements at the time of arrest.

## II.

In *Green v. State*, Del.Supr., 260 A.2d 706, 707 (1969), this Court set forth the general rule:

"The use and qualifications of an interpreter are matters for the consideration of the trial Judge in his discretion. The propriety of his action is to be weighed in the light of all the relevant circumstances, and will not be interfered with unless injustice to the defendant clearly appears."

The specific issue addressed in *Green* was the propriety of allowing the State to call as its witness the individual who acted as the interpreter for the victim of the crime; and our decision to affirm the conviction there was grounded upon the defendant's failure to establish or attempt to establish bias on the part of the interpreter. That absence of bias was in marked contradistinction to the cases cited by the defendant therein, in which the possibility of bias was evident. See *State v. Lazarone*, 130 La. 1, 57 So. 532 (1912) (interpreter contributed to a fund for the prosecution of the accused); *State v. Thompson*, 14 Wash. 285, 44 P. 533 (1896) (interpreter-witness was the husband of the State's principal witness and related to the prosecutrix as well).

The question resolved in *Green* was the converse of the issue now before us. While the defendant's objection in *Green* was based upon the interpreter's testifying as a State witness, this challenge is to the State's witness serving as the defendant's interpreter. The principle involved was analogous, however. In both cases, there is the same judicial concern: avoidance of the possibility of bias on the part of an interpreter prejudicial to the defendant's case.

■ We hold that there is an inherent possibility of bias, and a violation of due process rights, whenever an arresting police officer is called upon to serve as the defendant's interpreter at trial. Indeed, as one Court noted over 50 years ago:

"It may not be out of place to refer again to the impropriety of permitting an officer to act as interpreter for an accused person in whose arrest or detention the officer has actively participated. *Mislik v. State*, 184 Ind. 72, 77, 110 N.E. 551 (1896).

"The person acting as interpreter in such a case should be entirely free from any suspicion of interest in either the conviction or acquittal of the party accused."

*Bielich v. State*, 189 Ind. 127, 135–136, 126 N.E. 220, 223 (1920). See also, *McGuire v. State*, 228 Ind. 696, 94 N.E.2d 589 (1950) ("natural to suppose that [arresting officer serving in court as interpreter] would be anxious to justify his former action").

It was reversible error for the Trial Judge not to appoint an unbiased and impartial interpreter for the defendant or, alternatively, to grant a continuance of the case until the defendant could procure the services of such a person.

Without merit is the State's contention that the defendant waived any right to object to the appointment of the police officer as interpreter because of his knowledge of the need for an interpreter and his failure to provide one for the trial. The record discloses timely objection by the defendant to the interpretative services of the police officer prior to the rendering of such services. Inapposite are those decisions finding a waiver from the defendant's failure to object until after the evidence was presented or the matter raised on appeal. See *Anno.* 36 A.L.R.3d 276, 290–93 (1971).

Reversed.